IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JAMES HENEGHAN and GREGORY PERKINS, individually and on behalf of all others similarly situated,<br><br>       *Plaintiffs*,<br><br>       v.<br><br>SLIMWARE UTILITIES, INC., a Mississippi corporation,<br><br>       *Defendant*. | Case No. 1:13-cv-04056 |

**DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND MEMORANDUM OF LAW IN SUPPORT**

**I.    INTRODUCTION**

The Court lacks subject-matter jurisdiction over this matter because the parties settled—the plaintiffs released all claims against Defendant SlimWare Utilities, Inc. Although this case is styled as a putative class action, no class has been certified. Since the parties have settled, there is no longer an actual controversy. When a matter is moot, a district court must dismiss the action for lack of subject-matter jurisdiction under Rule 12(b)(1). SlimWare respectfully requests that the Court dismiss this action without further briefing.

**II.    FACTS**

On May 31, 2013, Plaintiffs James Heneghan and Gregory Perkins filed this putative class action against SlimWare. (See Class Action Complaint and Demand for Jury Trial).

On June 11, 2013, SlimWare received service of process. (Declaration of Chris Cope, dated June 27, 2013 ("Cope Decl."), ¶ 2.) That same day SlimWare reached out to Perkins about settling his claims. (*Id.*)

The next day Perkins agreed to a full settlement in which he "agree[d] to relinquish all rights, claims, and causes of action against SlimWare Utilities Inc., its successors, Chris Cope,

and any companies where Chris Cope is a shareholder either now or in the future." (Cope Decl., ¶ 3, Ex. A.) SlimWare obtained the Perkins settlement without assistance of counsel. (*Id*.)

Similarly, on June 17, 2013, Heneghan agreed to a full settlement in which he "agree[d] to release all rights, claims, and causes of action against SlimWare Utilities Inc., its successors, Chris Cope, and any companies where Chris Cope is a shareholder either now or in the future." (Cope Decl., ¶ 4, Ex. B.) SlimWare also obtained the Heneghan settlement without assistance of counsel. (*Id*.)

Neither Heneghan nor Perkins still has a claim against SlimWare. There are no other plaintiffs. No class has been certified.

SlimWare's counsel promptly advised Plaintiffs' counsel of the parties' settlements. (Declaration of Derek A. Newman, dated June 27, 2013, ¶ 2) SlimWare's counsel explained that because there was no longer any controversy, the Court no longer has subject-matter jurisdiction. (*Id*., ¶ 3) Plaintiffs' counsel refused to promptly dismiss the lawsuit. (*Id.*, ¶ 4) As a result, SlimWare was forced to bring this motion. (*Id*., ¶ 5)

### III.    DISCUSSION

Under Article III, section 2 of the United States Constitution, federal courts only have jurisdiction over "actual, ongoing controversies." *Honig v. Doe*, 484 U.S. 305, 317, 108 S. Ct. 592 (1988). "[W]hen the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome," the case is moot and must be dismissed for lack of jurisdiction. *Powell v. McCormack*, 395 U.S. 486, 496 (1969); *see also Stotts v. Cmty. Unit. Sch. Dist. No. 1*, 230 F.3d 989, 990–91 (7th Cir. 2000).

On a motion to dismiss for lack of subject-matter jurisdiction, the Court may consider materials outside the pleadings without treating the motion as a summary-judgment motion. *Roman v. U.S. Postal Service*, 821 F.2d 382, 385 (7th Cir. 1987).

In a putative class action, the Court must dismiss if the named plaintiffs settle and release claims before certification. *Davis v. Ball Memorial Hosp. Ass'n*, 753 F.2d 1410, 1416 (7th Cir. 1985); *see also Board of School Commissioners v. Jacobs*, 420 U.S. 128 (1975) (per curiam);

*Betrand v. Maram*, 495 F.3d 452, 456 (7th Cir. 2007) (dismissing the named plaintiff's claim as moot prior to class certification because he lacked a personal stake in the outcome). Dismissal is required because there is no class action until certification, "merely the prospect of one; the only action is the suit by the named plaintiffs." *Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 616 (7th Cir. 2002) (citing *Walters v. Edgar*, 163 F.3d 430, 432 (7th Cir. 1998); *Nelson v. Murphy*, 44 F.3d 497, 500 (7th Cir. 1995); *Lusardi v. Xerox Corp.*, 975 F.2d 964, 974–75 (3d Cir. 1992).

Because Heneghan and Perkins each settled and released their claims before class certification, this case is moot and must be dismissed. Plaintiffs' class-action lawyers cannot proceed without a client to serve as a putative class representative. When class plaintiffs release claims, the class claims also become moot. *Ptasinska v. United States Dep't of State*, 2008 U.S. Dist. LEXIS 7355 (N.D. Ill. Jan. 31, 2008) ("because Ptasinska was the only individual named as a class representative and all of her individual claims were moot, the purported class's claims were also moot.") Because Heneghan and Perkins settled and released all claims before class certification, the Court must dismiss the entire action as moot.

## IV. CONCLUSION

All parties in this case have settled. Without class representatives, there is no controversy for this Court to resolve. Because the case is moot, the Court lacks subject-matter jurisdiction. SlimWare respectfully requests that the Court dismiss this case promptly without further briefing.

- 4 -

Dated: June 28, 2013

Respectfully submitted,

**SLIMWARE UTILITIES, INC.**

By: _____
Its Attorney

Derek Newman
Newman Du Wors LLP
1201 Third Avenue, Suite 1600
Seattle, WA 98101
derek@newmanlaw.com
Tel: (206) 274-2800
Fax: (206) 274-2801

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2013, I electronically filed the foregoing with the U.S. District Court for the Northern District of Illinois, using the ECF system which will send notification and a copy of such filing to all parties of record.

    Stephanie Margaret Snyder - ssnyder@muddlawoffices.com

    Benjamin Harris Richman - brichman@edelson.com

    David Ira Mindell - dmindell@edelson.com

    Rafey S. Balabanian - rbalabanian@edelson.com

    Chandler Randolph Givens - cgivens@edelson.com

    Charles Lee Mudd , Jr. - cmudd@muddlawoffices.com

    Derek Newman
    Attorney for Slimware Utilities, Inc.

Derek Newman
Newman Du Wors LLP
1201 Third Avenue, Suite 1600
Seattle, WA 98101
derek@newmanlaw.com
Tel: (206) 274-2800
Fax: (206) 274-2801